IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-03242-PAB-BNB

MICHELLE GARRETT, and
RICHARD L. GARRETT,

Plaintiffs,

v.

BNC MORTGAGE, INC.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
U.S. BANK, N.A., as Trustee for the Structured Asset Investment Loan Trust 2006-BNC3,
WELLS FARGO HOME MORTGAGE, INC., owner of America's Servicing Company, and
ARONOWITZ & MECKLENBERG, LLP, attorneys representing trustee,

Defendants.
_____

**RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE**
_____

This matter arises on the **Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5), and (6)** [Doc. #17, filed 01/06/2012] (the "Motion") filed by defendant Aronowitz & Mecklenburg, LLP.  I respectfully RECOMMEND that the Motion be GRANTED.

The defendant moves to dismiss for lack of proper service of the summons and complaint.  Counsel for the defendant, Catherine Hildreth, attests that she is an Associate Attorney at Aronowitz & Mecklenburg and is not authorized to accept service on behalf of the firm.  She states that on December 16, 2011, Mr. and Mrs. Bartholomay left an envelope with her at the front desk of the firm.  She further states that she asked the Bartholomays if they were trying to serve Aronowitz & Mecklenburg, LLP; the Bartholomays responded that they did not think so, but did not know; the Bartholomays stated that a friend had asked them to drop off the envelope at the firm; she "told and provided in writing to Mr. and Mrs. Bartholomay that she

was not authorized to accept service of process on behalf of Aronowitz & Mecklenburg, LLP or any of its clients"; and the Bartholomays left the envelope with her and left the office.

Under the Federal Rules of Civil Procedure, a domestic partnership must be served "by delivering a copy of the summons and of the complaint to an officer, a managing or general agent, or any other agent authorized by appointment or by law to receive service of process and--if the agent is one authorized by statute and the statute so requires--by also mailing a copy of each to the defendant" or by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." Fed. R. Civ. P. 4(h)(1). The Colorado Rules of Civil Procedure provide for service of a partnership as follows:

> (4) Upon any form of corporation, partnership, association, cooperative, limited liability company, limited partnership association, trust, organization, or other form of entity that is recognized under the laws of this state or of any other jurisdiction, (including any such organization, association or entity serving as an agent for service of process for itself or for another entity) by delivering a copy thereof to the registered agent for service as set forth in the most recently filed document in the records of the secretary of state of this state or any other jurisdiction, or one of the following:
>
> > (A) An officer of any form of entity having officers;
> >
> > (B) A general partner of any form of partnership;
> >
> > (C) A manager of a limited liability company or limited partnership association in which management is vested in managers rather than members;
> >
> > (D) A member of a limited liability company or limited partnership association in which management is vested in the members or in which

> management is vested in managers and there are no managers;
>
> (E) A trustee of a trust;
>
> (F) The functional equivalent of any person described in paragraphs (A) through (E) of this subsection (4), regardless of such person's title, under:
>
>> (I) the articles of incorporation, articles of organization, certificate of limited partnership, articles of association, statement of registration, or other document of similar import duly filed or recorded by which the entity or any or all of its owners obtains status as an entity or the attribute of limited liability, or
>>
>> (II) the law pursuant to which the entity is formed or which governs the operation of the entity;
>
> (G) If no person listed in subsection (4) of this rule can be found in this state, upon any person serving as a shareholder, member, partner, or other person having an ownership or similar interest in, or any director, agent, or principal employee of such entity, who can be found in this state, or service as otherwise provided by law.

Colo. R. Civ. P. 4(e)(4).

The plaintiffs bear the burden of proving that the defendant was properly served. <u>Federal Deposit Ins. Corp. v. Oaklawn Apartments</u>, 959 F.2d 170, 174 (10th Cir. 1992). "When a motion to dismiss for lack of jurisdiction is decided on the basis of affidavits and other written materials, the plaintiff need only make a prima facie showing. The well pled facts of the complaint must be accepted as true if uncontroverted by the defendant's affidavits, and factual disputes at this initial

stage must be resolved in the plaintiff's favor when the parties present conflicting affidavits." Id. (quotations and citations omitted).

In response to the defendant's Motion, the plaintiffs summarily state that the defendant "attempted to avoid service, but were served at their normal place of business during regular business hours." *Plaintiffs' Response to Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5) and (6)* [Doc. #21], ¶ 5. The plaintiffs do not argue or demonstrate that Ms. Hildreth was authorized by appointment or law to accept service on behalf of Aronowitz & Mecklenburg, LLP, nor do they set forth any facts to show that the defendant attempted to avoid service.

The facts presented in Ms. Hildreth's affidavit remain uncontroverted. The plaintiffs have not met their burden to prove that defendant Aronowitz & Mecklenburg, LLP, was properly served.[1]

I respectfully RECOMMEND that defendant Aronowitz & Mecklenburg, LLP's Motion to Dismiss Pursuant to Fed. R. Civ. P. 12(b)(1), (2), (5), and (6) [Doc. #17] be GRANTED and that the Complaint be DISMISSED WITHOUT PREJUDICE as against Aronowitz & Mecklenburg, LLP.[2]

---

[1]The plaintiffs have not sought an extension of time to effect proper service, nor have they shown good cause for their failure to properly serve the defendant. I am aware that the plaintiffs are proceeding *pro se*, and I must liberally construe their pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

[2]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections. A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed.R.Civ.P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions. In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000). A party's objections to this

Dated August 3, 2012.

                                        BY THE COURT:

                                        s/ Boyd N. Boland
                                        United States Magistrate Judge

---

recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review. United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).