IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-03242-PAB-BNB

MICHELLE GARRETT and
RICHARD L. GARRETT

      Plaintiffs,

v.

BNC MORTGAGE, INC.,
MORTGAGE ELECTRONIC REGISTRATION SYSTEMS, INC.,
US BANK NATIONAL ASSOCIATION, as Trustee for the Structured Asset Investment
Loan Trust 2006-BNC3,
WELLS FARGO HOME MORTGAGE, INC, owner of America's Servicing Company,
and
ARONOWITZ & MECKLENBURG, LLP, attorneys representing trustee,

      Defendants.
_____

**ORDER**
_____

      This matter is before the Court on the Recommendation of United States

Magistrate Judge (the "Recommendation") [Docket No. 30] filed on August 3, 2012.

## I. BACKGROUND

      The undisputed facts are as follows.  On June 26, 2006, plaintiffs Michelle and

Richard L. Garrett refinanced their home mortgage loan with defendant BNC Mortgage,

Inc. ("BNC").  Docket No. 1 at 5, ¶¶ 12-13; Docket No. 22 at 2.  In early 2009, plaintiffs

defaulted on the loan.  Docket No. 1 at 8, ¶ 32.  In May 2011, Mr. Garrett filed for

bankruptcy.  Docket No. 1 at 11, ¶ 50; Docket No. 22 at 2.  U.S. Bank, N.A. ("U.S.

Bank") filed a motion for relief from the automatic stay, which the bankruptcy court

granted in September 2011.[1]  Docket No. 1 at 11-12, ¶¶ 52, 58; Docket No. 22 at 2.

Plaintiffs filed a motion for reconsideration of the court's grant of relief from the

automatic stay, which was denied.  Docket No. 1 at 12, ¶ 59-60.  On November 2,

2011, the property was sold at a foreclosure sale.  Docket No. 1 at 12, ¶ 61; Docket No.

22 at 2.

On December 12, 2011, plaintiffs, acting pro se, brought this case against BNC,

Mortgage Electronic Registration Systems, Inc. ("MERS"), U.S. Bank, Wells Fargo

Home Mortgage, Inc. ("Wells Fargo"),[2] and Aronowitz & Mecklenburg, LLP,[3] alleging

violations of state and federal debt collection laws, violations of the Colorado Consumer

Protection Act ("CCPA"), violations of state laws governing mortgage loans, and civil

conspiracy.  Docket No. 1 at 16-34.  Defendant Aronowitz & Mecklenburg moved to

dismiss plaintiffs' complaint pursuant to Federal Rules of Civil Procedure 12(b)(1), (2),

(5), and (6), Docket No. 17, and the Court granted its motion.  Docket No. 33.

Defendants U.S. Bank, Wells Fargo, and MERS[4] moved to dismiss plaintiffs'

complaint pursuant to Federal Rule of Civil Procedure 12(b)(6).  Docket No. 22.  The

magistrate judge recommended that this motion be granted in part and denied in part.

---

[1] Defendants assert, and plaintiffs dispute, that BNC validly assigned plaintiffs' promissory note to U.S. Bank.  Docket No. 22 at 2; Docket No. 1 at 10-11, ¶ 49.

[2] Wells Fargo owns American Servicing Company, which began servicing plaintiffs' loan "a year or more after the closing."  Docket No. 1 at 8, ¶ 31 and 13, ¶ 63.

[3] Aronowitz & Mecklenburg is a law firm that represented U.S. Bank in the non-judicial foreclosure proceeding.  Docket No. 1 at 9, ¶ 42.

[4] The Court refers to U.S. Bank, Wells Fargo, and MERS collectively as the "moving defendants."

Docket No. 30.  The moving defendants filed timely objections to the Recommendation.
Docket No. 32.  Plaintiffs did not file any objections.

## II.  STANDARD OF REVIEW

In the absence of an objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate.  *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas v. Arn*, 474 U.S. 140, 150 (1985) ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a *de novo* or any other standard, when neither party objects to those findings").  However, the district court must review de novo any part of a magistrate judge's recommendation that has been properly objected to.  Fed. R. Civ. P. 72(b)(3).

The moving defendants challenge plaintiffs' claims under Federal Rule of Civil Procedure 12(b)(6).  Dismissal of a claim under Rule 12(b)(6) is appropriate where the plaintiff fails to state a claim upon which relief can be granted.  For a complaint to state a claim, it must contain "a short and plain statement of the claim showing that the pleader is entitled to relief."  Fed. R. Civ. P. (8)(a)(2).  Rule 8(a)'s "short and plain statement" language requires that a plaintiff allege enough factual matter that, taken as true, makes her "claim to relief . . . plausible on its face."  *Bryson v. Gonzales*, 534 F.3d 1282, 1286 (10th Cir. 2008) (citing *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)).  This "plausibility" standard requires that relief must plausibly follow from the facts alleged, not that the facts themselves be plausible.  *Bryson*, 534 F.3d at 1286.  In considering a plaintiff's claims, the Court "must accept all the well-pleaded allegations

3

of the complaint as true and must construe them in the light most favorable to the plaintiff." *Alvarado v. KOB-TV, LLC*, 493 F.3d 1210, 1215 (10th Cir. 2007).

Because plaintiffs are proceeding pro se, the Court construes their pleadings liberally. *Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991).

## III.  DISCUSSION

### A.  Fair Debt Collection Practices Acts

Plaintiffs allege that defendants violated § 1692f of the Fair Debt Collection Practices Act ("FDCPA"), which prohibits "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if–(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest."  15 U.S.C. § 1692f(6)(A).  Plaintiffs also allege that defendants U.S. Bank and Wells Fargo violated the Colorado FDCPA ("CFDCPA"), which is patterned on federal law, *Flood v. Mercantile Adjustment Bureau, LLC*, 176 P.3d 769, 772 (Colo. 2008), by failing to provide a written notice outlining the amount owed and the name of the secured creditor and by failing to abide by the statutory requirements when plaintiffs disputed their debts.  Colo. Rev. Stat. §§ 12-14-105(3)(a), 12-14-109(1).

The magistrate judge recommended denying the motion to dismiss with respect to plaintiffs' federal and state debt collection claims against defendants U.S. Bank and Wells Fargo.  Docket No. 30 at 10-13.  U.S. Bank objects on the grounds that plaintiffs' claims are precluded by the bankruptcy court's grant of relief from the automatic stay and that non-judicial foreclosure is not debt collection activity subject to the FDCPA.

4

Docket No. 32 at 6-9.  Wells Fargo objects on the ground that, in this case, it did not act as a debt collector within the meaning of the FDCPA or the CFDCPA.  Docket No. 32 at 8-10.

### 1. Issue Preclusion

Defendant U.S. Bank argues that plaintiffs' first and second claims for relief, pursuant to the FDCPA and CFDCPA, are precluded because they are premised on the underlying assertion that U.S. Bank lacked standing to foreclose, which, U.S. Bank argues, was determined by the bankruptcy court when it granted relief from the automatic stay and denied Mr. Garrett's motion for reconsideration of that order.[5] Docket No. 32 at 6-8.

Issue preclusion bars relitigation of specific issues when (1) there has been a final adjudication on the merits of (2) an issue identical to one in the current proceeding, and (3) the party against whom the doctrine is invoked was a party, or in privity with a party, to the previous adjudication in which he or she had (4) a full and fair opportunity to litigate the issue.  *Moss v. Kopp*, 559 F.3d 1155, 1161 (10th Cir. 2009).  An issue is actually litigated when it is "properly raised, by the pleadings or otherwise, and is submitted for determination, and is determined."  RESTATEMENT (SECOND) OF JUDGMENTS § 27, cmt. d.

Relief from the automatic stay is not a final adjudication of a party's ownership

---

[5] U.S. Bank also argues that plaintiffs' debt collection claims are precluded by the state court's determination in the Rule 120 hearing.  Docket No. 32 at 6.  However, as U.S. Bank anticipates, Docket No. 32 at 7 n.2, the Tenth Circuit's opinion in *In Re Miller*, *see* 666 F.3d 1255, 1262 (10th Cir. 2012), forecloses this argument by holding that "no final judgment is entered in Rule 120 proceedings and the rulings of the court in such proceedings do not have preclusive effect."

interest in property because it requires a party to show only a colorable claim of a lien on estate property in order to prevail.  *See, e.g.*, *In re Mullarkey*, 536 F.3d 215, 226 (3d Cir. 2008) ("relief from a stay is obtained by a simple motion, Fed. R. Bankr. P. 4001, and it is a 'contested matter,' rather than an adversary proceeding"); *Grella v. Salem Five Cent Sav. Bank*, 42 F.3d 26, 32 (1st Cir. 1994) ("The limited grounds set forth in the statutory language, read in the context of the overall scheme of § 362, and combined with the preliminary, summary nature of the relief from stay proceedings, have led most courts to find that such hearings do not involve a full adjudication on the merits of claims, defenses, or counterclaims, but simply a determination as to whether a creditor has a colorable claim to property of the estate."); *Estate Const. Co. v. Miller & Smith Holding Co., Inc.*, 14 F.3d 213, 219 (4th Cir. 1994) ("Hearings to determine whether the stay should be lifted are meant to be summary in character.  Thus, as the district court held, counterclaims such as fraud are not precluded later if not raised at this stage."); *In re Rexotech Cal., Inc.*, 968 F.2d 1224 (Table), 1992 WL 168932, at *2 (10th Cir. 1992) ("a decision on relief from stay would not be a full adjudication of the merits of the lien interest"); *Matter of Vitreous Steel Prods. Co.*, 911 F.2d 1223, 1234 (7th Cir. 1990) ("Collateral estoppel is not a bar [to claims of collusion, preferential transfers, fraudulent conveyances, and the commercial reasonableness of a sale] because the only issues necessarily decided at the § 362 hearing were whether the Bank had a colorable claim of a lien and whether the amount of that lien exceeded the value of the property."); *In re Roberts*, 367 B.R. 677, 687 (Bankr. D. Colo. 2007) ("The consequence of this Court lifting the stay is that, once the parties are free from the automatic stay, they can proceed to seek a determination of their substantive rights in

the state court.  The issues of real property ownership; the rights of parties to a mortgage loan transaction; and rights of parties to a foreclosure action, are all matters of Colorado state law in this case.").

In contrast, under Colorado law, a party has standing to foreclose only if it is the "holder of an evidence of debt" with respect to the property, i.e., the "person in actual possession of or person entitled to enforce an evidence of debt."  Colo. Rev. Stat. §§ 38-38-100.3(10), 38-38-101; *see Niederquell v. Bank of Am., N.A.*, No. 11-cv-03185-MSK-MJW, 2012 WL 1578060, at *5 (D. Colo. May 4, 2012).  Although Colorado law permits a party, referred to as a "qualified holder," to foreclose on real property without producing the original evidence of debt or proper assignment thereof, Colo. Rev. Stat. § 38-38-101(2)(b), foreclosure proceedings do not extinguish claims that other parties may have against the qualified holder regarding its standing to foreclose.  Colo. Rev. Stat. § 38-38-101(2)(c) ("In the event that a foreclosure is conducted where the original evidence of debt, proper indorsement or assignment, or original recorded deed of trust or certified copy thereof has not been produced, the only claims shall be against the" qualified holder).

Here, plaintiffs allege that U.S. Bank, by virtue of its role as trustee of the loan pool containing plaintiffs' loan, lacked standing to foreclose.  Docket No. 1 at 13, ¶ 64. They further allege that the note was never assigned to U.S. Bank and thus that U.S. Bank was never in actual possession of or entitled to enforce the evidence of debt. Docket No. 1 at 14-15, ¶¶ 70, 74, 76, 77.  These are questions of state law beyond the scope of whether U.S. Bank had a "colorable claim" of a lien on the property.  *See In re Roberts*, 367 B.R. at 687.  Moreover, the bankruptcy court did not issue any findings of

fact or conclusions of law regarding U.S. Bank's standing under state law to foreclose. *See* Docket Nos. 22-3, 22-7 ("The Court has reviewed the request to reconsider and the within [sic] case file, and finds that cause has not been shown to grant the Debtor/Respondent's late-filed request to reconsider this Court's Orders vacating the evidentiary hearing and granting Movant relief from the automatic stay").  Thus, the issue of U.S. Bank's standing to foreclose was not decided by the bankruptcy court and is not precluded by that court's order granting relief from the automatic stay.

### 2. Definition of "Debt Collector" and "Debt Collection"

Defendant U.S. Bank argues that it is not subject to the fair debt collection statutes because a non-judicial foreclosure proceeding is not a debt collection activity. Docket No. 32 at 9.  Defendant Wells Fargo argues that it is not a debt collector because the fair debt collection statutes do not apply to mortgage loan servicers. Docket No. 32 at 9-10.

The FDCPA defines a debt collector as "any person who uses any instrumentality of interstate commerce or the mails in any business the principal purpose of which is the collection of any debts, or who regularly collects . . . debts owed or due or asserted to be owed or due another."  15 U.S.C. § 1692a(6); *see also* Colo. Rev. Stat. § 12-14-103(7) ("'[d]ebt collector' means any person employed or engaged by a collection agency to perform the collection of debts owed or due or asserted to be owed or due to another").  The term does not include mortgage loan servicers, so long as they acquire the servicing rights before the loan is in default.  *Solomon v. HSBC Mortg. Corp.*, 395 F. App'x 494, 495 (10th Cir. 2010); *Perry v. Stewart Title Co.*, 756 F.2d 1197, 1208 (5th Cir. 1985) ("The legislative history of section 1692a(6) indicates

conclusively that a debt collector does not include the consumer's creditors, a mortgage servicing company, or an assignee of a debt, as long as the debt was not in default at the time it was assigned."); *Kee v. R-G Crown Bank*, 656 F. Supp. 2d 1348, 1355 (D. Utah 2009) ("a loan servicer such as Fifth Third is only a 'debt collector' within the meaning of the FDCPA if it acquires the loan after it is in default.").  The FDCPA defines a "debt" as "any obligation or alleged obligation of a consumer to pay money arising out of a transaction in which the money, [or] property . . . which are the subject of the transaction are primarily for personal, family, or household purposes, whether or not such obligation has been reduced to judgment."  15 U.S.C. § 1692a(5); *see also* Colo. Rev. Stat. § 12-14-103(6) ("'[d]ebt' means any obligation or alleged obligation of a consumer to pay money arising out of a transaction, whether or not such obligation has been reduced to judgment.").  The FDCPA does not define the term "collection."

   The Tenth Circuit has not resolved the question of whether non-judicial foreclosure is debt collection under the meaning of the fair debt collection laws.  *See Maynard v. Cannon*, 401 F. App'x 389, 395 (10th Cir. 2010) ("We need not resolve this debate here. For the purposes of this case, we assume non-judicial foreclosures are covered by the FDCPA."); *see also Huckfeldt v. BAC Home Loans Serv., LP*, No. 10-cv-01072-MSK-CBS, 2011 WL 4502036, at *5 (D. Colo. Sept. 29, 2011) ("Because *Maynard* does nothing more than highlight the issue without resolving it, it is of little assistance.  However, its framing of the issue is helpful to this Court's resolution of the issue.  *Maynard* notes that the primary justification for treating non-judicial foreclosures as falling outside of FDCPA protection is that such proceedings do not result in an *in personam* judgment against the debtor.  This Court finds that justification to be

9

unnecessarily semantic. . . .  no reasonable argument can be made that the creditor can receive proceeds from the foreclosure yet refuse to credit them against the debtor's balance.").

Regardless of whether non-judicial foreclosure constitutes debt collection, a party who initiates non-judicial foreclosure without standing to do so may be found in violation of § 1692f, which prohibits "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if– (A) there is no present right to possession of the property claimed as collateral through an enforceable security interest."  15 U.S.C. § 1692f(6); *see Rousseau v. Bank of N.Y.*, No. 08-cv-00205-PAB-BNB, 2009 WL 3162153, at *8 (D. Colo. Sept. 29, 2009) (a claim alleging defendant violated § 1692f(6) by foreclosing without a present right to possess plaintiff's property is plausible); *Mayhew v. Cherry Creek Mortg. Co., Inc.*, No. 09-cv-00219-PAB-CBS, 2010 WL 935674, at *12 (D. Colo. Mar. 10, 2010); *see also* Colo. Rev. Stat. § 12-14-108(1)(f)(i).

In addition, an attempt to collect money in conjunction with a non-judicial foreclosure proceeding may fall within the terms of the FDCPA.  *See McDaniel v. S. & Assocs., P.C.*, 325 F. Supp. 2d 1210 (D. Kan. 2004) (holding that judicial foreclosure proceeding constituted attempt to collect a debt where foreclosing entity also sought a monetary judgment); *Rousseau*, 2009 WL 3162153, at *8 ("where there is some attempt to collect money in addition to the enforcement of a security interest, an FDCPA claim will lie, at least for the conduct related to the money collection."); *compare Heinemann v. Jim Walter Homes, Inc.*, 47 F. Supp. 2d 716, 722 (N.D. W. Va. 1998) ("Since the trustees were not collecting on the debt at that time but merely foreclosing

10

on the property pursuant to the deed of trust, [their] activities do not fall within the terms of the FDCPA.").

However, the fact that an entity identifies itself as a debt collector,[6] or tells a consumer that it is attempting to collect a debt, is not sufficient on its own to bring that entity within the purview of the FDCPA.  *See Maynard v. Cannon*, 401 F. App'x 389, 395 (10th Cir. 2010) ("In fact, Cannon's initial communication with Maynard included an FDCPA notice, which stated it was 'sent in an attempt to collect a debt.'  Even so, the inclusion of the FDCPA notice is legally irrelevant. . . . Therefore, the language of the notice does not inevitably lead to the conclusion that Cannon's non-judicial foreclosure actions were FDCPA-covered debt collection activity."); *Gburek v. Litton Loan Serv. LP*, 614 F.3d 380, 386 n.3 (7th Cir. 2010) ("The letter bore a disclaimer identifying it as an attempt to collect a debt, but this does not automatically trigger the protections of the FDCPA, just as the absence of such language does not have dispositive significance."); *Rosado v. Taylor*, 324 F. Supp. 2d 917, 925 n.4 (N.D. Ind. 2004) ("the notice cannot expand the scope of the FDCPA, causing it to apply to things to which it otherwise would not apply.").

Here, plaintiffs allege that, because "there has never been any indication that the foreclosing entity had a right to possession of the property claimed as collateral through

---

[6] Under the FDCPA, it is per se misleading for a debt collector to "fail[] to disclose in the initial written communication with the consumer and, in addition, if the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and [to fail] to disclose in subsequent communications that the communication is from a debt collector."  15 U.S.C. § 1692e(11); *see also* Colo. Rev. Stat. § 12-14-107(1)(l).

an enforceable security interest," defendants violated § 1692f(6).  Docket No. 1 at 18,

¶ 91.  In support of this assertion, they allege that U.S. Bank's status as trustee of the

pool containing plaintiff's loan deprived it of standing to foreclose, that public records do

not disclose any assignment of plaintiffs' loan to U.S. Bank, that U.S. Bank has no other

evidence of assignment, and that U.S. Bank is not in possession of documents

evidencing the chain of title.  Docket No. 1 at 13-15, ¶¶ 64, 66, 68, 74-77.  These

allegations are sufficient to state a claim under the FDCPA against U.S. Bank, which

executed the non-judicial foreclosure on plaintiffs' property.  *See Niederquell*, 2012 WL

1578060, at *5-*6 ("The Plaintiffs have alleged that Mellon had no interest in the

promissory note because it was never properly assigned by Countrywide.  The Plaintiffs

further allege that Bank of America represented that it held the promissory note, and

that the record beneficiary of the deed of trust is neither Countrywide nor Bank of

America.  These facts, if true, plausibly challenge whether Mellon held evidence of the

indebtedness sufficient to have standing to request a public trustee's sale and obtain a

Rule 120 Order."); *Rousseau*, 2009 WL 3162153, at *8.

However, because the complaint alleges that Wells Fargo acted only as a loan

servicer in this case, and does not allege that Wells Fargo acquired servicing rights

after default, plaintiffs do not state a claim against Wells Fargo under the FDCPA or the

CFDCPA.  Docket No. 1 at 13, ¶ 63; *see, e.g.*, *Perry*, 756 F.2d at 1208.  Taken as true,

plaintiffs' allegation that "[b]oth Wells and ASC began calling Plaintiffs on the phone,

reciting that they were 'debt collectors, attempting to collect a debt,'" establishes only

that Wells Fargo included the FDCPA disclaimer in its communication with plaintiffs.

Docket No. 1 at 9, ¶ 40.  On its own, the disclaimer does not expand the application of

the FDCPA to reach mortgage loan servicers.  *See, e.g.*, *Gburek*, 614 F.3d at 386 n.3.

Thus, plaintiffs' debt collection claims survive as to defendant U.S. Bank but not as to defendant Wells Fargo.

### B.  State Law Claims

The magistrate judge recommended denying the motion to dismiss with respect to claims seven through thirteen, to the extent they assert violations of Colo. Rev. Stat. §§ 38-40-105, 12-61-904.5, and 12-61-911.  Docket No. 30 at 15.  The moving defendants object, arguing that plaintiffs' complaint does not assert any allegations under these statutes and that, if it does, such claims should be dismissed because the cited statutes apply only to mortgage loan originators.  Docket No. 32 at 3-4.

Claims seven through thirteen are phrased similarly and thus may be considered together.  As an example, plaintiffs' seventh claim for relief is headed:

SEVENTH CLAIM FOR RELIEF.
(Violations of §§ 38-40-105(1)(b), 6-1-105(1)(uu) C.R.S.)

Docket No. 1 at 22.  The claim states in pertinent part:

> Through the above described conduct, Defendants BNC and MERS knowingly, willingly, wantonly, and with malicious intent, made false promises or misrepresentations or concealed essential and/or material facts to entice borrowers and creditors to enter into mortgage agreements . . . in violation of §38-40-105(1)(b) C.R.S. (2009).   Thereby Defendants violated §6-1-105(1)(uu) of the CCPA.  See also §38-40-105(3) C.R.S. (2009).

Docket No. 1 at 23, ¶ 119.  The moving defendants argue that this claim only alleges a violation of the CCPA.  Docket No. 32 at 4 (the moving defendants "believed that this articulated a cause of action under the CCPA that relied on an alleged statutory violation for the 'deceptive trade practice' that has to be established as an element of a CCPA claim.").  This argument ignores the heading of the claim, which includes both

13

statutes.  Their argument also reads the language of the claim too narrowly.  Plaintiffs state that defendants acted "in violation of §38-40-105(1)(b)."  Docket No. 1 at 23, ¶ 119.  Construing the complaint liberally in light of plaintiffs' pro se status, *see Haines*, 404 U.S. at 520-21, the Court finds that plaintiffs allege violations of Colo. Rev. Stat. §§ 38-40-105, 12-61-904.5, and 12-61-911, in addition to violations of the CCPA.

The moving defendants did not address these state law claims in their motion to dismiss, instead raising for the first time in their objections to the Recommendation the argument that the cited statutes do not apply to them.  Docket No. 22; Docket No. 32 at 3 ("The Magistrate Judge correctly noted that the Moving Defendants did not address the alleged statutory violations contained in claims seven through thirteen in their Motion to Dismiss. . . . The Moving Defendants, however, did not believe that claims seven through thirteen alleged anything more than CCPA claims premised on alleged statutory violations as deceptive trade practices.").

"Issues raised for the first time in objections to the magistrate judge's recommendation are deemed waived."  *Marshall v. Chater*, 75 F.3d 1421, 1426 (10th Cir. 1996).  As the moving defendants did not include these arguments in their motion to dismiss, depriving plaintiffs of an opportunity to respond, the Court will not consider these arguments at this juncture.

Thus, defendants' motion to dismiss is denied with respect to plaintiffs' non-CCPA state law claims.

## IV.  CONCLUSION

The Court has reviewed the parts of the Recommendation to which defendants

did not object and determined that there is "no clear error on the face of the record."[7]

*See* Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Based on this review, the Court

concludes that these portions of the Recommendation are a correct application of the

facts and the law.  Accordingly, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket

No. 30] is ACCEPTED in part.  It is further

**ORDERED** that the Motion to Dismiss by Defendants U.S. Bank, Wells Fargo,

and MERS and Supporting Brief [Docket No. 22] is GRANTED in part and DENIED in

part.  It is further

**ORDERED** that plaintiffs' complaint is dismissed with respect to defendant

Mortgage Electronic Registration Systems, Inc.  It is further

**ORDERED** that claims one and two are dismissed with respect to defendant

Wells Fargo.  It is further

**ORDERED** that claims one and two survive with respect to defendant U.S. Bank.

It is further

**ORDERED** that claims three through six are dismissed.  It is further

**ORDERED** that claims seven through thirteen are dismissed with respect to

Colo. Rev. Stat. § 6-1-105.  It is further

**ORDERED** that claims seven through thirteen survive with respect to Colo. Rev.

Stat. §§ 38-40-105, 12-61-904.5, and 12-61-911.  It is further

---

[7] This standard of review is something less than a "clearly erroneous or contrary
to law" standard of review, Fed. R. Civ. P. 72(a), which in turn is less than a de novo
review.  Fed. R. Civ. P. 72(b).

**ORDERED** that claims fourteen through sixteen are dismissed.


DATED March 7, 2013.

BY THE COURT:


s/Philip A. Brimmer
PHILIP A. BRIMMER
United States District Judge

16