IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-03242-PAB-BNB

MICHELLE GARRETT, and
RICHARD L. GARRETT,

Plaintiffs,

v.

BNC MORTGAGE, INC.,
U.S. BANK, N.A., as Trustee for the Structured Asset Investment Loan Trust 2006-BNC3, and
WELLS FARGO HOME MORTGAGE, INC., owner of America's Servicing Company,

Defendants.
_____

**ORDER**
_____

This matter arises on **Plaintiffs' Motion to Amend Scheduling Order for Extension of Time to File Discovery Documents** [Doc. #59, filed 04/23/2013] (the "Motion"). The Motion is DENIED.

On October 9, 2012, I held a Scheduling Conference and entered a Scheduling Order [Doc. #47]. I set the discovery cut-off as April 26, 2013, and I ordered that all interrogatories, requests for production of documents, and requests for admissions be served 33 days prior to the discovery cut-off date (on or before March 24, 2013).

The plaintiffs seek to modify the Scheduling Order to extend the deadline to serve their discovery to April 26, 2013. The plaintiffs recognize that pursuant to Rule 16(b)(4), Fed. R. Civ. P., I may modify a scheduling order only upon a showing of good cause. The Advisory Committee Notes to Rule 16 provide the following guidance about the meaning of good cause as used in Rule 16:

> [T]he court may modify the schedule on a showing of good cause
> if it cannot reasonably be met despite the diligence of the party
> seeking the extension. Since the scheduling order is entered early
> in the litigation, this standard seems more appropriate than a
> "manifest injustice" or "substantial hardship" test.

Advis. Comm. Notes for 1983 Amend.

However, when an enlargement of time is sought after expiration of a specified deadline, as here, the movant must show that the failure to act was the result of excusable neglect. Fed. R. Civ. P. 6(b)(1)(B). To determine whether the neglect is excusable:

> [T]he court must take account of all relevant circumstances
> surrounding the party's omission, including the danger of
> prejudice to the [non-moving party], the length of the delay and its
> potential impact on judicial proceedings, the reason for the delay,
> including whether it was within the reasonable control of the
> movant, and whether the movant acted in good faith.

Stringfellow v. Brown, 105 F.3d 670, 1997 WL 8856, *1 (10th Cir. Jan.10, 1997) (internal quotations and citation omitted).

The movant's "control over the circumstances is the most important single factor in determining whether neglect is excusable." Id. (internal quotations and citation omitted). A finding of excusable neglect "requires both a demonstration of good faith by [movant] and it must also appear that there was a reasonable basis for not complying with the specified period." Id. at *2 (internal quotations and citation omitted).

In support of their Motion, the plaintiffs state:

> Plaintiff Michelle Garrett mis-read the Scheduling Order and
> believed Interrogatories, Requests for Production of Documents
> and Requests for Admissions could be filed by the discovery cut-
> off date of April 26, 2013, but realized too late that the Scheduling
> Order listed the date for filing those documents as 33 days prior to
> the discovery cut-off, or March 24th.

*Motion*, p. 2.

Failure to properly read an unambiguous court-ordered deadline does not establish good cause or excusable neglect. Moreover, the plaintiffs waited until March 10, 2013, to serve their initial discovery requests on the defendants. They voluntarily withdrew these requests and did not attempt to re-serve their discovery requests until more than one month later, on or about April 15, 2013. *Response to Plaintiffs' Motion to Amend Scheduling Order for Extension of Time to Propound Discovery Requests* [Doc. #62] (the "Response"), ¶¶ 3-5; Ex. A; Ex. C. The plaintiffs do not explain why they waited until March , 10, 2013--five months after entry of the Scheduling Order--to serve their initial discovery requests.

I am aware that the plaintiffs are proceeding *pro se*, and I must liberally construe their pleadings. Haines v. Kerner, 404 U.S. 519, 520-21 (1972). The plaintiffs' *pro se* status does not excuse them from following "the same rules of procedure that govern other litigants." Nielsen v. Price, 17 F.3d 1276, 1277 (10th Cir. 1994). Accordingly,

IT IS ORDERED that the Motion [Doc. #59] is DENIED.

Dated April 30, 2013.

BY THE COURT:

s/ Boyd N. Boland
United States Magistrate Judge