IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-03242-PAB-BNB

MICHELLE GARRETT, and
RICHARD L. GARRETT,

Plaintiffs,

v.

BNC MORTGAGE, INC.,
U.S. BANK, N.A., as Trustee for the Structured Asset Investment Loan Trust 2006-BNC3, and
WELLS FARGO HOME MORTGAGE, INC., owner of America's Servicing Company,

Defendants.

_____

## ORDER
_____

This matter arises on the following motions (the "Motions"):

(1) **Defendants U.S. Bank and Wells Fargo's Motion in Limine to Exclude Expert Testimony** [Doc. #50, filed 03/12/2013];

(2) **Defendants U.S. Bank and Wells Fargo's Motion to Compel Deposition of Expert Witness, or Alternatively, For an Order Precluding the Expert From Testifying** [Doc. #73, filed 05/24/2013];

(3) **Defendants U.S. Bank and Wells Fargo's Motion for Summary Judgment and Supporting Brief** [Doc. #76, filed 05/31/2013] ("Defendants' Motion");

(4) **Plaintiff's Declaration and Motion in Limine to Exclude the Testimony of Unidentified Witnesses f U.S. Bank and Wells Fargo** [Doc. #78, filed 05/31/2013]; and

(5) **Plaintiffs' Declaration and Verified Motion for Summary Judgment** [Doc. #79, filed 05/31/2013] ("Plaintiffs' Motion").

This action arises from the plaintiffs' refinancing of their property.  There are three claims remaining against defendants U.S. Bank and Wells Fargo:[1] (1) the allegations in Claim One regarding violations of the federal Fair Debt Collection Practices Act ("FDCPA") against defendant U.S. Bank; (2) the allegations in Claim Two regarding violations of the Colorado Fair Debt Collection Practices Act ("Colorado FDCPA") against defendant U.S. Bank; and (3) the allegations in Claim Eleven regarding violations of § 12-61-904.5, C.R.S., against both defendants.

The parties' motions for summary judgment rely on arguments and factual statements that are not substantiated by evidence and on documents which are unexplained, unauthenticated, or otherwise do not constitute evidence within the requirements of Rule 56(c).  For example, the defendants state that America's Servicing Company ("ASC") is an operating division of Wells Fargo and that the note was transferred to Wells Fargo by a blank endorsement from BNC Mortgage, Inc., but they do not provide any competent evidence to support those assertions. *Defendants' Motion*, p. 4, ¶ 3 and p. 5, footnote 4.  The defendants also cite to a letter to support their assertion that the note was transferred into a securitized trust with the reference number PMSR SAIL 06-BNC3 and that US Bank acted as the trustee for the trust.  *Defendants' Motion*, p. 5, ¶¶ 4-5; *Reply in Support of Defendants U.S. Bank and Wells Fargo's Motion for Summary Judgment* [Doc. #92], p. ¶ 4.  The defendants do not submit any affidavits to lay a foundation for the letter, establish its authenticity, or provide any basis upon which to find an exception to its exclusion as hearsay.  The letter, on the record now before me, is not competent evidence.

---

[1]On January 6, 2012, defendant BNC Mortgage, Inc., now known as BNC Mortgage LLC, filed a Notice of Suggestion of Bankruptcy and Notice of Stay of Proceedings [Doc. #16].

Plaintiffs' Motion does not contain a Statement of Undisputed Material Facts as required by the district judge's Practice Standards.  Instead of setting forth their undisputed material facts "in simple, declarative sentences, separately numbered and paragraphed" and "accompanied by a specific reference to material in the record which establishes that fact," *Practice Standards (Civil cases) for Judge Philip A. Brimmer*, p. 9, the plaintiffs simply submit a stack of documents.

"If a party fails to properly support an assertion of fact or fails to properly address another party's assertion of fact as required by Rule 56(c), the court may . . . give an opportunity to properly support or address the fact."  Fed. R. Civ. P. 56(e)(1).

The parties' motions for summary judgment are denied without prejudice.  On or before January 17, 2014, the parties may resubmit motions which comply with the district judge's Practice Standards and Rule 56, Fed. R. Civ. P.

The parties' motions in limine and the defendants' motion to compel all seek to exclude witness testimony at trial.  The case has not been set for trial.  Therefore, the motions are denied as premature.

IT IS ORDERED:

(1)   The Motions [Docs. ## 50, 73, 76, 78, and 79] are DENIED WITHOUT PREJUDICE; and

(2)   The parties must resubmit their motions for summary judgment, if at all, on or before January 17, 2014.  The supporting briefs shall comply with the district judge's Practice Standards and Rule 56, Fed. R. Civ. P.

Dated December 3, 2013.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge