IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Magistrate Judge Boyd N. Boland

Civil Action No. 11-cv-03242-PAB-BNB

MICHELLE GARRETT, and
RICHARD L. GARRETT,

Plaintiffs,

v.

BNC MORTGAGE, INC.[1],
U.S. BANK, N.A., as Trustee for the Structured Asset Investment Loan Trust 2006-BNC3, and
WELLS FARGO HOME MORTGAGE, INC., owner of America's Servicing Company,

Defendants.

---

## RECOMMENDATION OF UNITED STATES MAGISTRATE JUDGE

---

This matter arises on the following cross-motions for summary judgment:

(1)  **Defendants U.S. Bank's and Wells Fargo's Renewed Motion for Summary Judgment and Supporting Brief** [Doc. #99, filed 01/17/2014] ("Defendants' Motion"); and

(2)  **Plaintiffs' Motion for Summary Judgment** [Doc. #100, filed 01/21/2014] (Plaintiffs' Motion").

I respectfully RECOMMEND that the Defendants' Motion be GRANTED and that the Plaintiffs' Motion be DENIED.

---

[1]On January 6, 2012, BNC Mortgage LLC, formerly known as BNC Mortgage Inc., filed a Notice of Suggestion of Bankruptcy and Notice of Stay of Proceedings [Doc. #16].

## I.  STANDARD OF REVIEW

The plaintiffs are proceeding *pro se*, and I must liberally construe their pleadings.  Haines v. Kerner, 404 U.S. 519, 520-21 (1972).  I cannot act as advocate for a *pro se* litigant, however, who must comply with the fundamental requirements of the Federal Rules of Civil Procedure. Hall v. Bellmon, 935 F.2d 1106, 1110 (10th Cir. 1991).

In ruling on a motion for summary judgment, the facts must be viewed in the light most favorable to the party opposing the motion and that party must be afforded the benefit of all reasonable inferences to be drawn from the evidence.  Adickes v. S. H. Kress & Co., 398 U.S. 144, 157 (1970).  Summary judgment shall be rendered "if the movant shows that there is no genuine issue as to any material fact and the movant is entitled to judgment as a matter of law." Fed.R.Civ.P. 56(a).  A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party."  Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986).

The moving party bears the initial burden of demonstrating by reference to portions of pleadings, discovery and disclosure materials on file, and any affidavits, the absence of genuine issues of material fact.  Celotex Corp. v. Catrett, 477 U.S. 317, 323 (1986).  "The moving party may carry its initial burden either by producing affirmative evidence negating an essential element of the nonmoving party's claim, or by showing that the nonmoving party does not have enough evidence to carry its burden of persuasion at trial."  Trainor v. Apollo Metal Specialties, Inc., 318 F.3d 976, 979 (10th Cir. 2002).

The party opposing the motion is then required to go beyond the pleadings and designate evidence of specific facts showing that there is a genuine issue for trial.  Celotex, 477 U.S. at

324. Only admissible evidence may be considered when ruling on a motion for summary

judgment. World of Sleep, Inc. v. La-Z-Boy Chair Co., 756 F.2d 1467, 1474 (10th Cir. 1985).

## II.  UNDISPUTED MATERIAL FACTS[2]

1.   The Garretts are a married couple who formerly resided at 103 Rabbit Road,

Carbondale, Colorado 81623 (the "Property").  *Defendants' Motion*, Ex. B, 7:16-8:4, 13:17-25.

2.   On June 26, 2006, the Garretts refinanced the Property by executing an

Adjustable Rate Note with BNC Mortgage, Inc., in the amount of $336,000.00 (the "Note").  The

Note was secured by a deed of trust on the Property (the "Deed of Trust").  *Complaint* [Doc. #1],

pp. 4-5, ¶¶ 10-16; *Defendants' Motion*, Ex. A, p. 4, ¶ 10.[3]

3.   In connection with the refinance, the Garretts made a loan application with CFG

Mortgage.  *Defendants' Motion*, Ex. A, p. 4, ¶ 10.

4.   The Garretts received a mortgage loan from BNC Mortgage, Inc.  Id.; Ex. B, 43:5-7.

5.   The Garretts made mortgage payments to America's Servicing Company.  *Complaint*,

---

[2]The plaintiffs dispute many of the defendants' factual statements.  In addition, they introduce additional facts in their motion and their response to Defendants' Motion.  Many of the plaintiffs' factual statements are not material to the remaining claims.  Most of the plaintiffs' facts are stated without any citation to supporting evidence or with citations that do not support the statements.  I do not consider factual statements that are not properly supported with evidence.  "A party asserting that a fact . . . is genuinely disputed must support the assertion by . . . citing to particular parts of materials in the record . . . ."  Fed.R.Civ.P. 56(c)(1)(A).  The court should consider only cited materials.  Fed.R.Civ.P. 56(c)(3).  Moreover, it is not a judicial function to search the plaintiffs' exhibits for evidence supporting a particular fact.  See Gross v. Burggraf Construction Co., 53 F.3d 1531, 1546 (10th Cir. 1995).  It is the litigant's responsibility to provide concise arguments, relevant facts, and specific citations to authorities and supporting evidence.  Toth v. Gates Rubber Co., 2000 WL 796068, *8 (10th Cir. 2000).

[3]Exhibit A to Defendants' Motion contains the plaintiffs' responses to the defendants' discovery requests.  The plaintiffs provided only responses; they did not include the defendants' requests.  The requests are provided separately in Exhibit A.

p. 8, ¶ 31.   America's Servicing Company was the servicer of the Garrett's loan.  *Defendants'*

*Motion*, Ex. B, 37:5-10.  America's Servicing Company is a part of Wells Fargo.  Id. at 35:12-

18.    6.   In or around January 2009, the Garretts defaulted on the Note.  Id. at p. 8, ¶ 32.

7.   On October 8, 2010, U.S. Bank initiated a foreclosure action (the "Foreclosure

Case")--Case No. 2010-CV-816--in the District Court for Eagle County, Colorado.  *Defendants'*

*Motion*, Ex. C.[4]

8.   In the Foreclosure Case, U.S. Bank filed a Certification by Qualified Holder Pursuant

to section 38-38-101, C.R.S. (the "Certification").  Id. at Ex. D.  The Certification is notarized

and sworn by an attorney-in-fact for U.S. Bank and verifies that (a) U.S. Bank is the holder of

the original Note; (b) a true and correct copy of the Note is attached; (c) U.S. Bank is the current

beneficiary of the Deed of Trust; (d) a true and correct copy of the Deed of Trust is attached; and

(e) U.S. Bank is a Qualified Holder pursuant to section 38-38-100.3(20)(f), C.R.S.  Id.  Attached

to the Certification are copies of the Note and Deed of Trust.  Id.  The Note was indorsed in

blank by BNC Mortgage, Inc., on an "Allonge to Note" that is affixed to the Note.  Id. at p. 6.

9.   On November 5, 2010, the court in the Foreclosure Case granted U.S. Bank's Motion

for Order Authorizing Sale.  Id. at Ex. E.

10.   The Property was sold on November 2, 2011, and the sale was approved on

December 29, 2011.  Id. at Exs. F and G.

There are three claims remaining in this action: (1) Claim One, alleging violations of the

federal Fair Debt Collection Practices Act ("FDCPA") against defendant U.S. Bank; (2) Claim

Two, alleging violations of the Colorado Fair Debt Collection Practices Act ("Colorado

---

[4]I may take judicial notice of the filings in the Foreclosure Case.  Fed.R.Evid. 201.

FDCPA") against defendant U.S. Bank; and (3) Claim Eleven, alleging violations of section 12-61-904.5, C.R.S., against both defendants.

### III.  ANALYSIS

### A.  Claim One: FDCPA

In Claim One, the plaintiffs allege that U.S. Bank violated § 1692f(6) of the FDCPA which prohibits "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of a property if--(A) there is no present right to possession of the property claimed as collateral through an enforceable security interest."  15 U.S.C.  § 1692f(6).  The plaintiffs allege that "there has never been any indication that the foreclosing entity had a right to possession of the property claimed as collateral through an enforceable security interest." *Complaint*, p. 18,  ¶ 91.

Under Colorado's foreclosure statute, a "holder of an evidence of debt" secured by a deed of trust may initiate foreclosure proceedings through the public trustee.  Section 38-38-101(1), C.R.S.  A holder of an evidence of debt is the "person in actual possession of or person entitled to enforce an evidence of debt."  Section 38–38–100.3(10), C.R.S.  The term includes the "person in possession of a negotiable instrument evidencing a debt, which has been duly negotiated to such person or to bearer or indorsed in blank."  Section 38–38–100.3(10)(c), C.R.S.  A holder of an evidence of debt may foreclose by submitting the original evidence of debt.  Section 38-38-101(1)(b), C.R.S.  Alternatively, in lieu of filing the original evidence of debt, a holder may foreclose as a "qualified holder" by filing a "copy of the evidence of debt and . . . a statement signed by the attorney for such holder, citing the paragraphs of §

38-38-100.3(20) under which the holder claims to be a qualified holder, and certifying or stating that the copy of the evidence of debt is true and correct." Section 38-38-101(1)(b)(II), C.R.S.

It is undisputed that (1) U.S. Bank filed in the Foreclosure Case a Certification by Qualified Holder Pursuant to C.R.S. § 38-38-101; (2) the Certification is notarized and sworn by an attorney-in-fact for U.S. Bank and verifies that (a) U.S. Bank is the holder of the original Note; (b) a true and correct copy of the Note is attached; (c) U.S. Bank is the current beneficiary of the Deed of Trust; (d) a true and correct copy of the Deed of Trust is attached; and (e) U.S. Bank is a Qualified Holder pursuant to Section 38-38-100.3(20)(f), C.R.S. The undisputed facts show that U.S. Bank met all of the requirements of a qualified holder and was entitled to foreclose under Colorado law.

In addition, plaintiffs' allegations that U.S. Bank attempted to collect money in conjunction with the non-judicial foreclosure proceeding in violation of the FDCPA, *Order issued March 7, 2013 [Doc. #48], p. 10*, fail because there is no evidence that U.S. Bank sought a money judgment against the Garretts.

### B.   Claim Two: Colorado FDCPA

The plaintiffs allege that U.S. Bank violated the Colorado FDCPA by failing to provide a written notice outlining the amount owed and the name of the secured creditor and by failing to abide by the statutory requirements when the plaintiffs disputed their debts as required by sections 12-14-105(3)(a) and 109(2), C.R.S.

U.S. Bank argues that "[b]ecause the state and federal acts contain substantively identical provisions, the Garretts' Colorado FDCPA claim fails for the same reasons as their FDCPA claim." *Defendants' Motion*, p. 14. However, the arguments advanced above do not address whether U.S. Bank violated sections 12-14-105(3)(a) and 109(2), C.R.S.

The only other argument U.S. Bank makes with regard to the FDCPA is that it is not a "debt collector" as a matter of law.  As noted previously by the district judge, "[t]he Tenth Circuit has not resolved the question of whether non-judicial foreclosure is debt collection under the meaning of the fair debt collection laws."  *Order* [Doc. #48], p. 9.

Regardless of whether U.S. Bank is a debt collector under the fair debt collection laws, the plaintiffs rely solely on their conclusory statements that (1) "[d]efendants [U.S. Bank and others] failed to provide plaintiffs a written notice outlining the amount they owed, and the name of the secured creditor; and (2) "[d]efendants [U.S. Bank and others] failed to abide by the requirements that when Plaintiffs disputed any or all of the debt, Defendants continued to contact Plaintiffs without mailing to them proof of the debt and the name of the true original creditor." *Complaint*, p. 19.  The plaintiffs do not provide any specific facts or competent evidence to support these claims, and their vague and conclusory allegations are insufficient to survive summary judgment.  See Alder v. Wal-Mart Stores, Inc., 144 F.3d 664, 670 (10th Cir. 1998) ("[A] movant that will not bear the burden of persuasion at trial need not negate the nonmovant's claim.  Such a movant may make its prima facie demonstration simply by pointing out to the court a lack of evidence for the nonmovant on an essential element of the nonmovant's claim").  The Defendants' Motion should be granted insofar as it seeks summary judgment in favor of U.S. Bank on Claim Two.

## C.  Claim Eleven: Violation of C.R.S. § 12-61-904.5

The plaintiffs' remaining claim--Claim Eleven--alleges violations of section 12-61-904.5 against both defendants.  *Defendants' Motion*, p. 14; *Plaintiffs' Response*, p. 2.  Section 904.5 provides that "[a] mortgage loan originator shall have a duty of good faith and fair dealing in all

communications and transactions with a borrower." Section 12-61-904.5(1), C.R.S.   A

mortgage loan originator is defined as "an individual who: (I) Takes a residential mortgage loan

application; or (II) Offers or negotiates terms of a residential mortgage loan.  Section 12-61-

902(6)(a), C.R.S.   An individual is defined as "a natural person."  Section 12-61-902(4.7),

C.R.S.

There is no evidence that either of the defendants took the plaintiffs' loan application or

offered or negotiated their residential mortgage loan.  To the contrary, the undisputed evidence

shows that the plaintiffs made their loan application with CFG Mortgage, and the plaintiffs

received the mortgage loan from BNC Mortgage.  Moreover, neither of the defendants are

natural persons.  The motion should be granted insofar as it seeks dismissal of Claim Eleven

regarding violations of section 12-61-904.5(1), C.R.S.

## IV.   CONCLUSION

For all of these reasons, I respectfully RECOMMEND:

(1)   Defendants U.S. Bank and Wells Fargo's Motion for Summary Judgment and

Supporting Brief [Doc. #99] be GRANTED; and

(2)   Plaintiffs' Declaration and Verified Motion for Summary Judgment [Doc. #100] be

DENIED.[5]

---

[5]Pursuant to 28 U.S.C. § 636(b)(1)(C) and Fed. R. Civ. P. 72(b), the parties have 14 days after service of this recommendation to serve and file specific, written objections.  A party's failure to serve and file specific, written objections waives *de novo* review of the recommendation by the district judge, Fed. R. Civ. P. 72(b); Thomas v. Arn, 474 U.S. 140, 147-48 (1985), and also waives appellate review of both factual and legal questions.  In re Key Energy Resources Inc., 230 F.3d 1197, 1199-1200 (10th Cir. 2000).  A party's objections to this recommendation must be both timely and specific to preserve an issue for *de novo* review by the district court or for appellate review.  United States v. One Parcel of Real Property, 73 F.3d 1057, 1060 (10th Cir. 1996).

Dated March 31, 2014.

BY THE COURT:

 s/ Boyd N. Boland
United States Magistrate Judge