IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-03242-PAB-BNB

MICHELLE GARRETT and
RICHARD L. GARRETT

      Plaintiffs,

v.

BNC MORTGAGE, INC.,
US BANK NATIONAL ASSOCIATION, as Trustee for the Structured Asset Investment Loan Trust 2006-BNC3, and
WELLS FARGO HOME MORTGAGE, INC., owner of America's Servicing Company,

      Defendants.

___

# ORDER
___

This matter is before the Court on the Recommendation of United States Magistrate Judge (the "Recommendation") [Docket No. 108] filed on March 31, 2014. The magistrate judge recommends that the Court grant Defendants U.S. Bank's and Wells Fargo's Renewed Motion for Summary Judgment [Docket No. 99] filed by defendants U.S. Bank National Association ("U.S. Bank") and Wells Fargo Home Mortgage, Inc. ("Wells Fargo") and deny Plaintiffs' Motion for Summary Judgment [Docket No. 100] filed by plaintiffs Michelle and Richard L. Garrett.

Plaintiffs filed an objection to the Recommendation. Docket No. 111. The Court will "determine de novo any part of the magistrate judge's disposition that has been properly objected to" by plaintiffs. Fed. R. Civ. P. 72(b)(3). An objection is "proper" if it

is both timely and specific.[1] *United States v. One Parcel of Real Property Known as 2121 East 30th St.*, 73 F.3d 1057, 1059 (10th Cir. 1996). To be sufficiently specific, an objection must "enable[ ] the district judge to focus attention on those issues–factual and legal–that are at the heart of the parties' dispute." *See id*. (quoting *Thomas v. Arn*, 474 U.S. 140, 147 (1985)). In the absence of a proper objection, the Court may review a magistrate judge's recommendation under any standard it deems appropriate. *See Summers v. Utah*, 927 F.2d 1165, 1167 (10th Cir. 1991); *see also Thomas*, 474 U.S. at 150 ("[i]t does not appear that Congress intended to require district court review of a magistrate's factual or legal conclusions, under a de novo or any other standard, when neither party objects to those findings"). In light of plaintiffs' pro se status, the Court construes their filings liberally. *See Haines v. Kerner*, 404 U.S. 519, 520 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 & n.3 (10th Cir. 1991).

The undisputed material facts are set forth in the Recommendation and will not be recited here. Docket No. 108 at 3-5. The magistrate judge recommends that the Court grant summary judgment to U.S. Bank on plaintiffs' claim for violation of the Fair Debt Collection Practices Act ("FDCPA"), 15 U.S.C. § 1692 *et seq*., because it is undisputed that U.S. Bank complied with the procedures set forth in Colo. Rev. Stat. § 38-38-101 and there is no evidence that U.S. Bank sought a money judgment from plaintiffs. Docket No. 108 at 6. The magistrate judge recommends granting summary judgment in favor of U.S. Bank on plaintiffs' claim for violation of the Colorado FDCPA

---

[1]Plaintiffs' objections were due on April 21, 2014, Docket No. 110; signed on April 20, 2014, Docket No. 111 at 12; and filed on April 28, 2014. *Id*. at 1. The Court will nonetheless consider these objections as if they were timely filed.

("CFDCPA"), Colo. Rev. Stat. § 12-14-101 *et seq*., because plaintiffs have not produced evidence to support their allegations that (1) U.S. Bank failed to provide plaintiffs a written notice indicating the amount owed and the name of the secured creditor and (2) U.S. Bank continued to contact plaintiffs without providing this information, despite the fact that plaintiffs disputed the debt. *Id*. at 7. The magistrate judge recommends that the Court grant summary judgment to both defendants on plaintiffs' claims under Colo. Rev. Stat. § 12-61-904.5 because that provision applies only to mortgage loan originators and does not cover defendants. *Id*. at 8. Plaintiffs object to the recommended dismissal of their claims under the FDCPA. Docket No. 111 at 6-12. They do not object to the recommended dismissal of their claims under the CFDCPA or Colo. Rev. Stat. § 12-61-904.5. *See generally* Docket No. 111.

    Plaintiffs' objections are based on their contention that U.S. Bank lacks standing to foreclose. Specifically, plaintiffs assert that (1) they were deceived into believing that America's Servicing Company ("ASC") was their mortgage servicer, even though it was not; (2) they were deceived into believing that they were in default on their loan, even though they were not; (3) defendants have not produced a chain of title indicating how U.S. Bank came into possession of the promissory note; (4) the purportedly original promissory note that U.S. Bank produced at plaintiffs' deposition is fraudulent; (5) only one allonge exists, which does not account for the multiple transfers of the promissory note; (6) the allonge is not affixed to the promissory note; (7) U.S. Bank and Wells Fargo did not lend money to plaintiffs and have not suffered an injury sufficient to establish standing; and (8) the allonge indicates that plaintiffs' debt has been discharged. Docket No. 111.

3

In support of these assertions, plaintiffs submit (1) a copy of the Form 8-K filed by the Structured Asset Investment Loan Trust 2006-BNC3 with the Securities and Exchange Commission on September 8, 2006, Docket No. 111 at 14-19; (2) a copy of the Certification by Qualified Holder Pursuant to 38-38-101, C.R.S., filed with the Clerk for the Combined Court of Eagle County, Colorado by U.S. Bank, *id*. at 21; a copy of plaintiff's promissory note, *id*. at 22-25; (3) a copy of the allonge purportedly attached to plaintiffs' promissory note, *id*. at 27; (4) a printed table purportedly from the Eagle County Assessor's Office listing assignments of the deed of trust, liens, and other information regarding the property located at 103 Rabbit Road, Carbondale, Colorado 81623, as well as other property in Colorado, *id*. at 29-39; and (5) a copy of the claim that U.S. Bank filed in Richard Garrett's case before the United States Bankruptcy Court for the District of Colorado, *id*. at 41-42; *see* Case No. 11-21885-SBB (Bankr. D. Colo. May 19, 2011).

> Plaintiffs cite the Court's March 7, 2013 Order, which states:
>
> Here, plaintiffs allege that, because "there has never been any indication that the foreclosing entity had a right to possession of the property claimed as collateral through an enforceable security interest," defendants violated § 1692f(6). Docket No. 1 at 18, ¶ 91. In support of this assertion, they allege that U.S. Bank's status as trustee of the pool containing plaintiff's loan deprived it of standing to foreclose, that public records do not disclose any assignment of plaintiffs' loan to U.S. Bank, that U.S. Bank has no other evidence of assignment, and that U.S. Bank is not in possession of documents evidencing the chain of title. Docket No. 1 at 13-15, ¶¶ 64, 66, 68, 74-77. These allegations are sufficient to state a claim under the FDCPA against U.S. Bank, which executed the non-judicial foreclosure on plaintiffs' property.

Docket No. 48 at 11-12 (citing *Niederquell v. Bank of America, N.A.*, No. 11-cv-03185-MSK-MJW, 2012 WL 1578060, at *5-6 (D. Colo. May 4, 2012), and *Rousseau v. Bank*

*of New York*, No. 08-cv-00205-PAB-BNB, 2009 WL 3162153, at *8 (D. Colo. Sept. 29, 2009)). Plaintiffs contend that "[n]o evidence exists in this Court's record to controvert Plaintiffs' claims" that U.S. Bank lacked standing to foreclose. Docket No. 111 at 9, ¶ 17.

Plaintiffs mistake the burden of proof applicable on summary judgment. It is not defendants' burden to disprove plaintiffs' allegations, but rather plaintiffs' burden to produce evidence sufficient for a reasonable juror to find that plaintiffs have proved those allegations by a preponderance of the evidence. *See Ricci v. DeStefano*, 557 U.S. 557, 586 (2009) ("where the nonmoving party 'will bear the burden of proof at trial on a dispositive issue,' the nonmoving party bears the burden of production under Rule 56 to 'designate specific facts showing that there is a genuine issue for trial'") (quoting *Celotex Corp. v. Catrett*, 477 U.S. 317, 324 (1986)); *Scott v. Harris*, 550 U.S. 372, 380 (2007) ("'[w]hen the moving party has carried its burden under Rule 56(c), its opponent must do more than simply show that there is some metaphysical doubt as to the material facts") (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586-87 (1986)); *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 885 (1990) ("[*Celotex*, 477 U.S. at 323,] made clear that Rule 56 does not require the moving party to *negate* the elements of the nonmoving party's case; to the contrary, 'regardless of whether the moving party accompanies its summary judgment motion with affidavits, the motion may, and should, be granted so long as whatever is before the district court demonstrates that the standard for the entry of summary judgment, as set forth in Rule 56(c), is satisfied.'") (emphasis in original).

Plaintiffs have offered no evidence to support the proposition that they were not in default on their loan or that ASC and Wells Fargo were "trying to collect on a completely different account than Garretts' account." Docket No. 111 at 3-4, ¶ 6. In addition, there is insufficient evidence to support the proposition that U.S. Bank was not in possession of plaintiffs' original promissory note at the time it certified to the state court that it was a qualified holder of the note under Colo. Rev. Stat. § 38-38-100.3 *et seq*. *See* Docket No. 111 at 10-11, ¶ 20 ("In their depositions, the Garretts refused to acknowledge that the signatures on the documents appear to be originals and each repeatedly questioned the authenticity of the originals."). Plaintiffs' only evidence in support of this contention is testimony from their depositions during which they challenged the authenticity of the note that U.S. Bank presented to them as the original. This testimony does not disclose facts based on plaintiffs' personal knowledge that would support plaintiffs' contentions, but rather consists of speculation, unsupported assertion, and equivocation. *See, e.g.*, Docket No. 105-1 at 18 (Michelle Garrett, dep., at 32, l.9-13) ("Q. Does that look like the way that you sign your name?  A.  It's possible that it looks like the way I sign my name.  I bet it's a copy.  It could be a copy."); Docket No. 105-1 at 16 (Michelle Garrett dep., at 30, ll.4-7) ("the rest of the reason [that I believe this isn't the original note] is this is not the right size paper, and everything your client has reported to me to be true is not true"); Docket No. 105-2 at 9 (Richard Garrett, dep., at 16, ll.3-9) ("A.  Do I have any reason to believe that it's not [the original note]?  And without trying to be derogatory, we have received so many things that were–that proved later to be deceptive in the course of these events, that for me, it would–at best, it would be a 50/50.  Maybe it is, maybe it isn't.  I don't know.").

Accordingly, this testimony constitutes no more than a scintilla of evidence from which a reasonable jury could conclude that U.S. Bank was not in possession of the original promissory note at the time it initiated foreclosure proceedings. *See Skrzypczak v. Roman Catholic Diocese of Tulsa*, 611 F.3d 1238, 1244 (10th Cir. 2010) ("To survive summary judgment, nonmovant's affidavits must be based upon personal knowledge and set forth facts that would be admissible in evidence; conclusory and self-serving affidavits are not sufficient.").

Likewise, plaintiffs' contentions that (1) "[i]n order for U.S. Bank to actually be the qualified holder of the note, there would need to be three (3) different Allonges," Docket No. 111 at 5, ¶ 8; and (2) a "separate piece of paper Allonge was presented to Garretts at their depositions and was not 'affixed' to anything," *id*. at 6, ¶ 14, do not raise a genuine dispute of material fact regarding U.S. Bank's standing to foreclose. The allonge is endorsed in blank, entitling the entity in possession of the note to enforce it; the allonge need not contain any signature from the purchaser to be enforceable. *See* Colo. Rev. Stat. § 4-3-205(b) ("When indorsed in blank, an instrument becomes payable to bearer and may be negotiated by transfer of possession alone until specially indorsed."); Colo. Rev. Stat. § 38-38-100.3(10) (the person "in possession of a negotiable instrument evidencing a debt, which has been . . . indorsed in blank" is "presumed to be the holder of an evidence of debt"). Plaintiffs provide no evidence in support of their contention that the allonge is not affixed to the promissory note. *See Rossin v. Southern Union Gas Co.*, 472 F.2d 707, 712 (10th Cir. 1973) ("argument by brief is not evidence").

7

The remaining issues plaintiffs raise regarding the assignment of the note and deed of trust are not material. *See* Colo. Rev. Stat. § 38-38-101 (holder of evidence of debt may initiate foreclosure proceedings by filing, among other things, a notice of election and demand, a copy of the evidence of debt, and a certification that the holder possesses an evidence of debt). There is no genuine dispute of fact that U.S. Bank was in possession of the original promissory note, indorsed in blank, and that it complied with the procedural requirements set forth in Colo. Rev. Stat. § 38-38-101. *See* Docket No. 99 at 5-6, ¶¶ 10-13; Docket No. 99-4; Docket No. 111 at 5-6, ¶¶ 10-13. How this note came into U.S. Bank's possession is not relevant to its right to initiate non-judicial foreclosure proceedings under Colorado law. *See* Colo. Rev. Stat. § 4-3-202(a)(iii) ("Negotiation is effective even if obtained . . . in breach of duty or as part of an illegal transaction."). Accordingly, there is no basis for finding that U.S. Bank violated § 1692f(6)[2] of the FDCPA.

Plaintiffs argue that the magistrate judge erred in not addressing the arguments raised in their motion for summary judgment. Docket No. 111 at 1. However, the arguments plaintiffs raise in their motion for summary judgment and the evidence they submit track the issues addressed in their objection to the Recommendation. *Compare* Docket No. 100 at 4-7 *with* Docket No. 111 at 2-12. Thus, plaintiffs' motion for summary judgment does not raise any dispute of material fact that defendants U.S. Bank and Wells Fargo are entitled to summary judgment on plaintiffs' remaining claims.

---

[2]This provision prohibits "[t]aking or threatening to take any nonjudicial action to effect dispossession or disablement of property if . . . there is no present right to possession of the property claimed as collateral through an enforceable security interest." 15 U.S.C. § 1692f(6)(A).

The Court has reviewed the substantive discussions in the Recommendation to which plaintiffs do not object and has found that there is "no clear error on the face of the record,"[3] see Fed. R. Civ. P. 72(b), Advisory Committee Notes.  Wherefore, it is

**ORDERED** that the Recommendation of United States Magistrate Judge [Docket No. 108] is ACCEPTED.  It is further

**ORDERED** that Defendants U.S. Bank's and Wells Fargo's Renewed Motion for Summary Judgment [Docket No. 99] is GRANTED.  It is further

**ORDERED** that Plaintiffs' Motion for Summary Judgment [Docket No. 100] is DENIED.  It is further

**ORDERED** that the Motion to Clarify Service Date of Plaintiffs' Objection to Recommendation of United States Magistrate Judge [DKT. 111] [Docket No. 112] is DENIED as moot.  It is further

**ORDERED** that this case shall be administratively closed, subject to reopening for good cause, pursuant to D.C.COLO.LCivR 41.2.[4]  It is further

---

[3]This standard of review is something less than a "clearly erroneous or contrary to law" standard of review, Fed.R.Civ.P. 72(a), which in turn is less than a de novo review. Fed.R.Civ.P. 72(b).

[4]On January 6, 2012, defendant BNC Mortgage, Inc. ("BNC") filed a notice of stay of proceedings, stating that it had declared bankruptcy on January 9, 2009. Docket No. 16.  These proceedings appear to be ongoing.  See Case No. 09-10137-scc (Bankr. S.D.N.Y. Jan. 9, 2009).

**ORDERED** that, no later than twenty days after resolution of defendant BNC Mortgage, Inc.'s bankruptcy proceedings, the parties shall file a status report with the Court as to whether they believe the case should be reopened for good cause for any further proceedings in this Court or whether the case may be dismissed.

DATED August 26, 2014.

                                  BY THE COURT:

                                  s/Philip A. Brimmer
                                  PHILIP A. BRIMMER
                                  United States District Judge