IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
**Judge Philip A. Brimmer**

Civil Action No. 11-cv-03242-PAB-BNB

MICHELLE GARRETT and
RICHARD L. GARRETT

      Plaintiffs,

v.

BNC MORTGAGE, INC.,
US BANK NATIONAL ASSOCIATION, as Trustee for the Structured Asset Investment Loan Trust 2006-BNC3, and
WELLS FARGO HOME MORTGAGE, INC., owner of America's Servicing Company,

      Defendants.
_____

# ORDER
_____

This matter is before the Court on the Motion for Entry of Final Judgment Under Rule 54(b) [Docket No. 120] filed by defendants Mortgage Electronic Registration Systems, Inc. ("MERS"), U.S. Bank, N.A. ("US Bank"), and Wells Fargo Home Mortgage, Inc. ("Wells Fargo") (collectively, the "moving defendants"). The Court has jurisdiction over this action pursuant to 28 U.S.C. § 1331.

By orders dated March 7, 2013 and August 26, 2014, the Court has dismissed all claims against the moving defendants. See Docket Nos. 48, 117.[1] On January 6, 2012, however, defendant BNC Mortgage Inc. ("BNC") filed a notice of stay of

---

[1] Plaintiffs asserted a total of sixteen claims. See Docket No. 1. The Court's March 7, 2013 Order dismissed all claims against MERS, claims one and two with respect to Wells Fargo, claims three through six and fourteen through sixteen in their entirety, and claims seven through thirteen in part. See Docket No. 48 at 15-16. The Court's August 26, 2014 Order granted summary judgment to US Bank and Wells Fargo as to all remaining claims. See Docket No. 117 at 9.

proceedings, stating that it declared bankruptcy on January 9, 2009. Docket No. 16. Those proceedings remain pending. *See* Case No. 09-10137-SCC (Bankr. S.D.N.Y. Jan. 9, 2009).[2] The moving defendants seek final judgment pursuant to Fed. R. Civ. P. 54(b) on the grounds that all claims against them have been dismissed, there is no just reason for delay, and it is uncertain when the bankruptcy stay will be lifted. *See* Docket No. 120 at 2-3, ¶ 4. Although the moving defendants indicate that this motion is opposed, *see id* at 1, ¶ 1, plaintiffs have filed no response.

Rule 54(b) permits the Court to "direct entry of a final judgment as to one or more, but fewer than all, claims or parties only if the court expressly determines that there is no just reason for delay." Fed. R. Civ. P. 54(b). In determining whether to enter judgment pursuant to Rule 54(b), the Court is to "weigh[] Rule 54(b)'s policy of preventing piecemeal appeals against the inequities that could result from delaying an appeal." *Stockman's Water Co., LLC v. Vaca Partners, L.P.*, 425 F.3d 1263, 1265 (10th Cir. 2005). In addressing that question, the Court must "clearly articulate" the reasons supporting any determination that entry of judgment pursuant to Rule 54(b) is warranted. *See id.* (quoting *Old Republic Ins. Co. v. Durango Air Serv., Inc.*, 283 F.3d 1222, 1225 n.5 (10th Cir. 2002)) (quotation marks omitted). This analysis must include "two express determinations," *Okla. Turnpike Auth. v. Bruner*, 259 F.3d 1236, 1242 (10th Cir. 2001) : (1) that the judgment is final and (2) that there is no just reason for delay. *See Stockman's Water*, 425 F.3d at 1265 (citing *Curtiss-Wright Corp. v. Gen.*

---

[2] Although there have been no filings in Bankruptcy Case No. 09-10137-SCC in the past year, the Court notes that the Bankruptcy Court for the Southern District of New York ordered procedural consolidation and joint administration of that case with another action, Bankruptcy Case No. 08-13555-SCC, which appears to be ongoing.

*Elec. Co.*,446 U.S. 1, 7-8 (1980)).

To be a final judgment for purposes of Rule 54(b), the claims resolved must be "distinct and separable from the claims left unresolved." *Okla. Turnpike*, 259 F.3d at 1243.  Here, the moving defendants seek final judgment as to all claims against them on the grounds that the case is stayed indefinitely due to BNC's ongoing bankruptcy proceedings.  The moving defendants do not, however, make any showing that the claims against them are "distinct and separable" from plaintiffs' claims against BNC.  *Id.* All of plaintiffs' claims against BNC are also directed to at least one of the moving defendants, *see generally* Docket No. 1, and seek relief for the same conduct.[3]  *See*, *e.g.*, *id.* at 29, ¶ 153 (alleging that defendants, collectively, conspired to grant plaintiffs a loan that defendants knew plaintiffs would not be able to repay).  A judgment as to fewer than all defendants under Rule 54(b) is inappropriate where separate appeals would "require the court of appeals to revisit the same issues decided in the first appeal."  *Jordan v. Pugh*, 425 F.3d 820, 827 (10th Cir. 2005).  The Court finds that, because plaintiffs' allegations against BNC involve substantially similar legal and factual issues to plaintiffs' claims against the moving defendants, the dismissed claims are not separate and distinct from plaintiffs' unresolved claims against BNC.

Wherefore, it is

**ORDERED** that defendants Mortgage Electronic Registration Systems, Inc., U.S. Bank, N.A., and Wells Fargo Home Mortgage, Inc.'s Motion for Entry of Final Judgment Under Rule 54(b) [Docket No. 120] is **DENIED**.

---

[3] Claims 1, 3-6, 11, and 14-16 are directed against all defendants, while claims 7-10 and 12-13 are directed at BNC and MERS.

DATED September 8, 2015.

                                      BY THE COURT:

                                      s/Philip A. Brimmer
                                      PHILIP A. BRIMMER
                                      United States District Judge